UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARMONA TOVAR,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>FIELD OFFICE DIRECTOR, LOS ANGELES FIELD OFFICE, UNITED STATES IMMIGRATION CUSTOMS ENFORCEMENT, et al.,<br><br>　　　　　　Respondent(s). | Case No. 5:24-cv-01535-FLA-SSC<br><br>**ORDER REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2241)** |

　　To facilitate the just, speedy, and inexpensive determination of this action, IT IS ORDERED:

　　1.　The Clerk of this Court shall promptly (a) serve a copy of the petition and a copy of this Order on the United States Attorney, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

　　2.　The Clerk shall also serve Petitioner with a copy of the form Consent to Proceed Before a United States Magistrate Judge (Form CV-11B) along with this Order. If Petitioner wishes to exercise the consent

1  option, Petitioner shall file a completed Form CV-11B with the Clerk
2  and serve Respondent(s) by **September 5, 2024**.  Respondent(s) may
3  exercise the consent option by filing and serving a completed Form CV-
4  11B by **September 20, 2024**.  **The parties are free to withhold**
5  **consent without adverse consequences.**
6         3.     By **August 27, 2024**, Respondent(s) shall file and serve a
7  notice of appearance notifying the Court of the name of the attorney
8  who will have principal charge of the case, together with the address
9  where the attorney may be served and the attorney's telephone and fax
10 number.  This information is important to assure accurate service of
11 court documents.
12        4.     Respondent(s) must give timely notice of any court
13 proceeding to any person who is a "crime victim" within the meaning of
14 18 U.S.C. § 3771.
15        5.     **By September 20, 2024, Respondent(s) shall file and**
16 **serve either a motion to dismiss the petition or an answer.**
17
18 **Motion to Dismiss**
19        6.     If Respondent(s) contend(s) that the petition can be decided
20 without the Court reaching the merits of any of Petitioner's claims, then
21 Respondent(s) shall file a motion to dismiss.  The motion to dismiss
22 should not address the merits of Petitioner's claims, but rather shall be
23 confined to the basis for the contention that dismissal without reaching
24 the merits of Petitioner's claims is warranted.  If Respondent(s)
25 contend(s) that Petitioner has failed to exhaust any administrative
26 remedies as to any ground for relief alleged in the Petition,
27 Respondent(s) shall specify the administrative remedies still available
28

to Petitioner.[1] When the motion to dismiss is filed, Respondent(s) shall electronically lodge with the Court all records bearing on the contentions raised in the motion. Chambers copies of the records are not required.

7. If Respondent(s) file(s) a motion to dismiss, Petitioner must file an opposition to the motion, or a notice of non-opposition to the motion, by **October 21, 2024**. When filing an opposition, Petitioner should lodge with the Court any records not lodged by Respondent(s) that Petitioner believes may be relevant to the Court's determination of the motion. Petitioner's opposition shall be limited to responding to the facts or contentions raised in the motion to dismiss. The Court will not consider new grounds for habeas relief that Petitioner asserts for the first time in an opposition to a motion to dismiss. **Petitioner is advised that failure to file the required opposition or non-opposition to a motion to dismiss may be construed as consent to the granting of the motion and dismissal of the action. C.D. Cal. Local Civil Rule 7-12.**

8. Respondent(s) may file a reply to Petitioner's opposition by **November 12, 2024**. If the motion is denied, the Court will afford Respondent(s) adequate time to answer Petitioner's claims on the merits.

---

[1] To the extent the petition includes any unexhausted claims, nothing prevents Petitioner from *immediately* exhausting them. Petitioner need not obtain any authorization from the Court or wait until Respondent(s) file(s) a motion to dismiss to attempt to exhaust any unexhausted claim asserted in the petition.

3

**Answer**

9. If Respondent(s) do(es) not contend that the petition can be decided without the Court reaching the merits of Petitioner's claims, then Respondent(s) shall file and serve an answer. The answer must respond to all allegations in the petition. When the answer is filed, Respondent(s) shall electronically lodge with the Court all records bearing on the merits of Petitioner's claims. Chambers copies of the records are not required.

10. Petitioner may file a single reply responding to the answer by **October 21, 2024**. **Petitioner is advised that failure to file a reply may result in the allegations of the answer being accepted as true pursuant to 28 U.S.C. § 2248.**

11. Any reply filed by Petitioner must (a) state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) be limited to facts or arguments responsive to matters raised in the answer; and (c) not raise new grounds for relief that were not asserted in the petition. Grounds for relief raised for the first time in the reply will not be considered unless the Court grants leave to amend the petition. The reply may not be longer than 20 pages unless Petitioner obtains permission from the Court, for good cause shown, to file a longer reply.

**Requests for Extension of Time**

12. A request for an extension of time within which to file any answer, motion, or reply will be granted only upon a showing of good cause and should be made in advance of the due date of the pleading. Any such request shall be accompanied by a declaration explaining why an extension of time is necessary. **Where Respondent(s) file(s) an**

**extension request, Respondent(s) shall include a proposed order granting the requested extension. The proposed order shall state a date on which the brief at issue will become due upon the granting of an extension, as well as the revised due dates for any subsequent briefs by either party.** Petitioner is not required to include a proposed order with a request for an extension.

13. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day after the deadline for Respondent(s) to file a reply to Petitioner's opposition to a motion to dismiss, or for Petitioner to file a reply to an answer.

**Submission of Documents**

14. All documents concerning this case are to be addressed and submitted to the Clerk for filing. Pursuant to Rule 83-2.5 of the Local Civil Rules for the Central District of California, the parties and their attorneys may not communicate with the Judge or her staff by letter.

15. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service may be returned to the submitting party without consideration by the Court.

16. Unless filing electronically, Petitioner shall submit one original of all documents filed with the Court. If Petitioner wishes to receive a conformed copy, then Petitioner must submit one original and one copy of all documents filed with the Court. The Clerk will not make photocopies of documents except for good cause shown. Petitioner is reminded to sign all original documents.

17.     **Pursuant to Rule 41-6 of the Local Civil Rules for the Central District of California, Petitioner is obligated to keep the Court and Respondent(s) apprised of Petitioner's current address.  Petitioner shall immediately notify the Court and counsel for Respondent(s) of any change to Petitioner's address. Petitioner's failure to do so may result in the dismissal of this action for failure to prosecute and/or comply with court orders.**

DATED:  August 6, 2024

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE