UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:24-cv-01535-FLA-SSC                    Date: August 7, 2024

Title      David Carmona Tovar v. Field Office Director, Los Angeles Field Office, United States Immigration and Customs Enforcement, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

            Teagan Snyder                              n/a
            Deputy Clerk                    Court Reporter / Recorder

    Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:
            None Present                           None Present

**Proceedings:**   (IN CHAMBERS) **Order re: Petitioner's Motion for Appointment of Counsel (ECF 2)**

On July 22, 2024, *pro se* Petitioner David Carmona Tovar filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by Immigration and Customs Enforcement without bond.  (ECF 1.)  On the same day, Petitioner filed a motion for appointment of counsel.  (ECF 2.)  For the reasons discussed below, Petitioner's motion is DENIED without prejudice.

Petitioner suggests that the appointment of counsel is warranted here because he has a strong likelihood of success on his petition and, due to the complexity of the issues involved and Petitioner's detention

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    5:24-cv-01535-FLA-SSC                    Date: August 7, 2024

Title       David Carmona Tovar v. Field Office Director, Los Angeles
            Field Office, United States Immigration and Customs
            Enforcement, et al.

status, he would have difficulty presenting his case without the assistance of counsel.  (*Id.* at 2.)

Pursuant to 18 U.S.C. § 3006A, a district court may appoint counsel in the "interests of justice" for a financially eligible person who seeks relief under 28 U.S.C. § 2241.  18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt*, 718 F.2d at 954.

Here, Petitioner has not attempted to establish that he is a financially eligible person.  Moreover, a review of the pleadings filed by Petitioner to date show he was able to file his habeas petition without the aid of counsel and articulate his claims.  Contrary to Petitioner's assertion, at this stage, the Court does not find the issues are so complex that the interest of justice demands the appointment of counsel.  This case is in the earliest stages of litigation and Respondents' response to the petition is not yet due.  Based upon the record, the Court does not find that the interests of justice require the appointment of counsel at the present time.  Should circumstances change in the future so that the appointment of counsel may become warranted, Petitioner may file a renewed motion for appointment of counsel at that time.

Accordingly, IT IS ORDERED that Petitioner's motion for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:24-cv-01535-FLA-SSC                    Date: August 7, 2024

Title      David Carmona Tovar v. Field Office Director, Los Angeles
           Field Office, United States Immigration and Customs
           Enforcement, et al.

appointment of counsel (ECF 2) is DENIED without prejudice to refiling
in the event the relevant circumstances change.


**IT IS SO ORDERED.**

                                                                    :

                                    Initials of Preparer        **ts**